IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                             No. CR 10-1185 JB

ANDRES GARCIA-GARCIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Opposed Motion to Withdraw as Counsel, filed January 4, 2011 (Doc. 27)("Motion"); and (ii) Letter from Andres Garcia-Garcia to the Court (date December 27, 2010), filed January 3, 2011 (Doc. 29). The Court held a hearing on January 11, 2011. The primary issue is whether the Court should appoint new counsel to Defendant Andres Garcia-Garcia, allowing his present attorney, Edward Bustamante, to withdraw. Because communication has broken down between Mr. Bustamante and Garcia-Garcia, and the Court is not convinced the breakdown can be resolved, the Court grants the Motion.

**PROCEDURAL BACKGROUND**

On March 29, 2010, Plaintiff United States of America filed a Complaint against Garcia-Garcia for knowingly possessing with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). See Doc. 1. On April 27, 2010, a grand jury returned an Indictment against Garcia-Garcia on those charges. See Doc. 11. Garcia-Garcia was arraigned on May 6, 2010. See Doc. 14. On March 30, 2010, the Honorable Judge Alan Torgerson, Magistrate Judge for the United States District Court for the District of New Mexico, entered a

Detention Order Pending Trial, ordered Garcia-Garcia to be detained pending trial.  See Doc. 9.

According to the Motion, Mr. Bustamante received discovery, investigated the matter, and conferred with the United States about settling the matter by way of plea.  Mr. Bustamante reached a plea agreement with the United States stipulating to a seven-level reduction, which did not preclude Garcia-Garcia's right to seek a further role adjustment and to request a variance from the advisory sentencing guidelines.  On approximately December 20, 2010, Mr. Bustamante met with Garcia-Garcia and discussed the plea offer.  Mr. Bustamante believed that Garcia-Garcia agreed to accept the plea, but Garcia-Garcia represents that he did not understand the plea agreement.

A plea hearing was set for December 22, 2010.  On the morning of the plea hearing, Garcia-Garcia stated that he was not prepared to proceed and was requesting new counsel be appointed for his defense.  Mr. Bustamante attempted to reassure Garcia-Garcia that the plea was in his best interest, but Garcia-Garcia reiterated his request to have new counsel appointed.

On January 4, 2011, Mr. Bustamante moved the Court to grant Garcia-Garcia's request to appoint new counsel.  Mr. Bustamante asserts that the attorney-client relationship is nonexistent.  He also asserts that his Motion is not for the purposes of delay.

At the January 11, 2011 hearing, the United States represented it originally opposed the Motion because it had not yet seen the Mr. Garcia-Garcia's letter to the Court.  The United States further asserted that, having seen Garcia-Garcia's letter, it no longer opposes the Motion.  Mr. Bustamante stated that he entered the Motion out of respect for Garcia-Garcia, and he does not oppose the motion.

At the hearing, to avoid disclosing attorney-client privileged communications, the Court inquired into the basis for Garcia-Garcia's request outside the presence of the United States.  In summary, Garcia-Garcia stated that he is unsatisfied with Mr. Bustamante because of Mr.

Bustamante's infrequent communication with him and his family, despite their attempts to contact Mr. Bustamante.  Garcia-Garcia also stated that he was unable, while detained pending trial, to contact Mr. Bustamante for approximately eight months.  Garcia-Garcia further stated that he has not received discovery, and he did not understand the plea agreement.

## **RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL**

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010).  To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his or her attorney or evidence of minimal contact with the attorney -- such that meaningful communication is not possible.  See United States v. Stewart, 378 F. App'x at 777.  The United States Court of Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown.  See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).  Courts balance these factors when determining whether to grant substitution of counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that, although the first factor weighs in favor of granting the defendant's motion

for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

The Court will grant Garcia-Garcia's request. Garcia-Garcia has shown good cause to appoint him new counsel, because there is a "complete breakdown of communication" between Mr. Bustamante and Garcia-Garcia. United States v. Beers, 189 F.3d at 1302. Mr. Bustamante's minimal contact with Garcia-Garcia has made meaningful communication not possible. See United States v. Stewart, 378 F. App'x at 777. Garcia-Garcia states that he and his family have been unable to contact Mr. Bustamante; Mr. Bustamante states he had possession of Garcia-Garcia's personal belongings, and that Garcia-Garcia's family picked the items up from him. In any case, Garcia-Garcia apparently was unable to understand Mr. Bustamante's explanation of the plea agreement. Mr. Bustamante represents that the attorney-client relationship is nonexistent. Moreover, Garcia-Garcia's request satisfies the factors under United States v. Porter: (i) while late in the game, Garcia-Garcia's request is timely because he made the request before sentencing; (ii) the Court is satisfied that it received a full account of the circumstances surrounding the breakdown in communication between Mr. Bustamante and Garcia-Garcia; (iii) the breakdown in communication was complete, such that Garcia-Garcia was unable to understand the plea agreement or reach Mr. Bustamante for a lengthy period while incarcerated; and (iv) Garcia-Garcia did not contribute to the communication breakdown; rather, he and/or his family attempted unsuccessfully to contact Mr. Bustamante. See 405 F.3d 1136, 1140. The Court therefore grants Garcia-Garcia's Motion.

**IT IS ORDERED** that the Defendant's Opposed Motion to Withdraw as Counsel, filed January 4, 2011 (Doc. 27), is granted.

_____
UNITED STATES DISTRICT JUDGE

-4-

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Rhonda P. Backinoff
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

    *Attorney for the Defendant*